IN THE UNITED STATES DISTRICT COURT
FOR
THE DISTRICT OF MARYLAND

| | |
|---|---|
| Pamela Curtis-Massey ) | |
| 6606 Eberlee Drive, #104 ) | |
| Baltimore, Maryland 21215 ) | |
|     **PLAINTIFF** ) | |
| ) | |
| v ) | **CIVIL ACTION NO.:** |
| ) | |
| Mercy Medical Center ) | |
| 301 Saint Paul Street ) | |
| Baltimore, Maryland 21202 ) | |
|     **DEFENDANT** ) | |

**COMPLAINT**

**NOW COMES** Pamela Curtis-Massey, hereinafter referred to as the Plaintiff, by and through her counsel Russell A. Neverdon, Sr., and respectfully seeks damage for discrimination against Mercy Medical Center, hereinafter referred to as the Defendant, and in support thereof, states as follows:

1. That Plaintiff is an African-American female who has suffered with a disability and diagnosed with a speech impediment since she was a minor.

2. That Plaintiff was educated through Baltimore City Public Schools; and, her disability is well documented with service offered through her Individualized Educational Plan (I.E.P.) with a speech and language pathologist.

3. That in spite of her disability, Plaintiff maintained a positive attitude and matured into a responsible adult.

4. That Plaintiff had an interest in nursing and sought employment as a Medical Assistant.

5. That Plaintiff was employed by a temporary agency that assigned her to various temporary positions with the Defendant, which began approximately May of 2006, and she worked in that capacity until on or around November 19, 2007 when Defendant employed Plaintiff permanently.

6. That during her time as a temporary employee, Plaintiff demonstrated professionalism, organization, and efficiency.  Up to this point, Plaintiff had no serious complaints regarding employment.  She was treated equally as any or employee.

7. That subsequent gaining permanent employment status, Plaintiff was assigned to work in the Diabetes Center under the guidance of Margo Brown.  Not long thereafter, Margo was replaced by Linda Yerardi.

8. That title VII of the Civil Rights Act ensures equal treatment for all employees regardless of including, but not limited to: their race, ethnicity, sex, religion, and/or age.  Similarly, the Americans with Disabilities Act ensures equal treatment for all employees regardless of a disability.

9. That pursuant to the allegation contained in Paragraph 8 of this Complaint, Defendant had a duty to ensure Plaintiff was treated equally, regardless of her race and any disability she may have had.

10. That Defendant breached its duty owed to Plaintiff when Plaintiff's immediate supervisor made constant un-welcomed blatant and disrespectful racial epitaphs toward her.  Similarly, Defendant breached its duty owed to Plaintiff when Plaintiff's immediate supervisor made fun of Plaintiff's speech impediment.  Further, the abusive behavior towards Plaintiff also extends to Defendant's children.

11. That Defendant's egregious and unacceptable behavior created a hostile work environment for Plaintiff, causing her severe emotional distress.  Her emotional distress manifested itself through depression, panic attacks, anxiety, and loss of hair, weight and sleep.  In addition, Plaintiff also incurred physical injury to her back and wrist for which she sought medical treatment.

12. That in spite of Defendant's failure to treat Plaintiff like her Caucasian counter-parts, Plaintiff continued to act professionally and attempted to curtail the hostile work conditions with her immediate supervisor.

13. That Plaintiff's attempt was met with indifference and intolerance by Defendant.

14. That Plaintiff's failure to receive any positive reinforcement from her immediate supervisor lead her to seek assistance from Defendant's Human Resources Department and Director of Operations for the Diabetes Center.

15. That Defendant owed a duty to Plaintiff to follow their policies and procedures regarding handling inner-office grievances.

16. That Defendant breached that duty owed to Plaintiff mentioned on Paragraph 15 of this Complaint as no one from Human Resources and/or the Director of Operations of the Diabetes Center ever implemented a course of action to put a stop to the hostility toward Plaintiff from her immediate supervisor.  Further, the racial epitaphs and jokes about Plaintiff's disability did not cease.  In fact, it got worse.  Unfortunately, Plaintiff felt the only other recourse she had was to resign from her position with Defendant.

17. That at all times relevant hereto, Plaintiff maintained a professional and courteous manner.

**WHEREFORE**, Plaintiff respectfully prays:

A.  That this Honorable Court grant Plaintiff **$10,000,000.00** (TEN MILLION DOLLARS AND ZERO CENTS) for emotional distress;

B.  That this Honorable Court grant Plaintiff **$20,000,000.00** (TWENTY MILLION DOLLARS AND ZERO CENTS) for pain and suffering;

C.  That this Honorable Court grant Plaintiff **$10,000,000.00** (TEN MILLION DOLLARS AND ZERO CENTS) for harassment;

D.  That this Honorable Court grant Plaintiff **$10,000,000.00** (TEN MILLION DOLLARS AND ZERO CENTS) for racial discrimination;

E.  That this Honorable Court grant Plaintiff **$10,000,000.00** (TEN MILLION DOLLARS AND ZERO CENTS) for discrimination for Plaintiff's disability;

F.  That a Hearing be held as soon as is practical;

G.  That this Honorable Court grant Plaintiff any such other and further relief that the course of this action may require.


_____/S/_____
Law Office of Russell A. Neverdon, Sr., LLC
Russell A. Neverdon, Sr.
Attorney at Law
201 N. Charles street, Suite 1900
Baltimore, Maryland 21201
Office: (410) 814-3025
Facsimile: (410) 814-3027
**Attorney for the Plaintiff**